**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| TYRONE DONTE GLADDEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CORPERAL MONEY, )<br>)<br>Defendant. ) | 1:18cv38 |

**MEMORANDUM OPINION AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge for a recommendation on Defendant's "Motion to Dismiss for Failure to State a Claim" (Docket Entry 9) (the "Motion"). Plaintiff filed no response to the Motion. (See Docket Entries dated Mar. 26, 2018, to present.)[1] For the reasons that follow, the Court should grant in part and deny in part the Motion.

**BACKGROUND**

Tyrone Donte Gladden (the "Plaintiff"), a pretrial detainee proceeding pro se, commenced this action in forma pauperis pursuant to 42 U.S.C. § 1983 against Corperal [sic] Money (the "Defendant")

---

[1] By local rule, "[i]f a respondent fails to file a response within the time required . . ., the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." M.D.N.C. LR 7.3(k). However, the United States Court of Appeals for the Fourth Circuit requires substantive review of even unopposed motions to dismiss. See Stevenson v. City of Seat Pleasant, Md., 743 F.3d 411, 416 n.3 (4th Cir. 2014) ("Even though [the plaintiffs] did not challenge the motions to dismiss, we note that the district court nevertheless has an obligation to review the motions to ensure that dismissal is proper.").

in her individual and official capacities, alleging that Defendant engaged in "[c]ruel [and] unusual punishment"[2] and "[d]enial of due process" in violation of Plaintiff's constitutional rights. (Docket Entry 2 (the "Complaint") at 2-3.)[3]  According to the Complaint:

"[Defendant] is the over-seer of the 8th fl[oor] [of the Forsyth County Detention Center].  She has kept [Plaintiff] from using the phone, recreation, and shower.  [Plaintiff is] forced to leave [his] cell in full restraints, not allowed access to the phone when out of cell like the policy handbook suggests.  [He is f]orced to read & write in full restraints when [Plaintiff has] done nothing to [warrant] impos[ing] such treatment."  (Id. at 4.)  More specifically, Plaintiff alleges that, on November 30, 2017, "[Defendant] allowed [Plaintiff] access to the law library to research law[.]  [He] had to be in full restraints while [he] read & wr[o]te in the multipurpose room on the 8th floor[.]  This was . . . [c]ruel & unusual punishment[.]"  (Id.)  Additionally, Plaintiff alleges that "[he] was taken from regular population & placed in admin[istrative] seg[regation] for no reason [even though he] ha[s] not broken any policy rules . . . ."  (Id.)

---

[2] Although the Complaint uses the language "[c]ruel and unusual punishment" (Docket Entry 2 at 3), Plaintiff's claims fall under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment. See Kingsley v. Hendrickson, ___ U.S. ___, ___, 135 S. Ct. 2466, 2475 (2015) ("[P]retrial detainees (unlike convicted prisoners) cannot be punished at all.").

[3] Citations to Docket Entry pages utilize the CM/ECF footer's pagination.

In response, Defendant moved to dismiss the Complaint (see Docket Entry 9), alleging that a "legitimate penological interest" justified Plaintiff's treatment (Docket Entry 10 at 2). In particular, Defendant asserts that

> Plaintiff, based upon his behavior while incarcerated, has been classified as a high security risk and as such is handcuffed and feet shackled together secured [] by a waist chain anytime he is moved within the facility. Information provided by a Winston[-]Salem Police Detective [indicated] that [P]laintiff . . . planned to take a gun from a Deputy Sheriff, hold the Deputy hostage and shoot witnesses[, which resulted in P]laintiff's administrative segregation in jail. Thereafter, during a routine cell search of [P]laintiff's cell, two shanks were discovered together with other contraband. This discovery justified the administrative order placing [P]laintiff in full restraints . . . .

(Id.) Beyond the foregoing, Defendant simply argues in conclusory fashion that Plaintiff pled insufficient factual matter. (See id. at 5.)

## DISCUSSION

### I. Official Capacity Claim

With respect to local government officials, official capacity liability attaches under Section 1983 only if "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Collins v. City of Harker Heights, Tex., 503 U.S. 115, 121 (1992) (internal quotation marks omitted). Notably, an official's discretionary acts, exercised in carrying out official duties, do not necessarily represent official policy.

Gantt v. Whitaker, 203 F. Supp. 2d 503, 509 (M.D.N.C. 2002). "Rather, the official must have 'final authority' over government policy with respect to the action in question" to trigger official capacity liability. Id. (quoting Pembaur v. Cincinnati, 475 U.S. 469, 481-82 (1986)).

Here, Plaintiff alleges injury from Defendant's actions, but does not assert that Defendant acted pursuant to any official policy or custom of the Forsyth County Detention Center. (See Docket Entry 2.) Nor does the Complaint allege that Defendant possesses "final authority" over any such policy that contributed to his alleged injury. (See id.) The in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines . . . the action . . . fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff has not stated a claim against Defendant in her official capacity, and the Court should thus dismiss that aspect of Plaintiff's claim.

### II. Individual Capacity Claim

A motion to dismiss pursuant to Rule 12(b)(6) "tests the sufficiency of a complaint," but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.3d 943, 952 (4th Cir. 1992). Accordingly, in reviewing a Rule 12(b)(6) motion, the Court must "accept the facts alleged in the [C]omplaint

as true and construe them in the light most favorable to the plaintiff." Coleman v. Maryland Court of Appeals, 626 F.3d 187, 189 (4th Cir. 2010), aff'd sub nom., Coleman v. Court of Appeals of Md., 566 U.S. 30 (2012). The Court must also "draw all reasonable inferences in favor of the plaintiff." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011) (internal quotation marks omitted).

To survive a Rule 12(b)(6) motion, a complaint must contain enough factual allegations "to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To qualify as plausible, a claim needs sufficient factual content to support a reasonable inference of the defendant's liability for the alleged misconduct. Id. (citing Twombly, 550 U.S. at 556). A complaint need not contain detailed factual recitations, but must provide "fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (ellipsis in original) (internal quotation marks omitted). Moreover, a pro se complaint must "be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted), although the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and

conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted).

In ruling on a motion to dismiss under Rule 12(b)(6), "a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." E.I. du Pont, 637 F.3d at 448. Generally, a "court cannot go beyond these documents" without "convert[ing] the motion into one for summary judgment," an action from which courts should refrain "where the parties have not had an opportunity for reasonable discovery. Additionally, statements by counsel that raise new facts constitute matters beyond the pleadings and cannot be considered on a Rule 12(b)(6) motion." Id. at 448-49 (citation omitted).

Here, Defendant's statements regarding the rationale for restraining and segregating Plaintiff constitute "matters beyond the pleadings" that the Court "cannot [] consider[]," id. at 449. Even if the Court converted the Motion into a motion for summary judgment, the unsworn allegations in Defendant's brief in support of the Motion would not qualify as admissible evidence. Accordingly, looking only at the Complaint's allegations, Defendant has not shown grounds for dismissal.

The Due Process clause of the Fourteenth Amendment protects pretrial detainees from an officer's use of excessive force, including unreasonable placement in restraints and/or segregation. See Kingsley v. Hendrickson, ___ U.S. ___, ___, 135 S. Ct. 2466,

-6-

2475 (2015); see also Randolph v. Potter, Civil Action No. PWG-16-2739, 2017 WL 3158775, at *2 (D. Md. July 21, 2017) (finding that detainee placed in restraints for several hours stated a plausible excessive force claim); Koonce v. Turner, No. 5:13-CT-3299-F, 2015 WL 902270, at *3 (E.D.N.C. Mar. 3, 2015) (holding that placement of pretrial detainee in segregation without a hearing for purpose of punishment or without rational relationship to a nonpunitive purpose "stated at least a plausible due process claim."). In Kingsley, the Supreme Court observed that "pretrial detainees (unlike convicted prisoners) cannot be punished at all." Id., ___ U.S. at ___, 135 S. Ct. at 2475. Accordingly, a pretrial detainee can "prevail [on an excessive force claim] by showing that the [defendant's] actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" Id., ___ U.S. at ___, 135 S. Ct. at 2473 (quoting Bell v. Wolfish, 441 U.S. 520, 561 (1979)). Ultimately, a standard of objective reasonableness applies to a pretrial detainee's excessive force claim. Id., ___ U.S. at ___, 135 S. Ct. at 2472-73.

Accepting the Complaint's factual allegations as true and viewing them in the light most favorable to Plaintiff, it appears that his placement in segregation (with related loss of privileges) and in restraints while he conducted legal research were "not 'rationally related to a legitimate nonpunitive governmental

purpose,'" Kingsley, ___ U.S. at ___, 135 S. Ct. at 2473 (quoting Bell, 441 U.S. at 561), as the Complaint indicates that Plaintiff had "done nothing to [warrant] impos[ing] such treatment" (Docket Entry 2 at 4; see also id. (alleging that Plaintiff "ha[s] not broken any policy rules")). At this stage of the proceedings, the Court cannot consider the justifications that Defendant has proffered through counsel for restraining and/or segregating Plaintiff, as those matters lie outside the pleadings. See E.I. du Pont, 637 F.3d at 449. Accordingly, the Court should deny the Motion with respect to Plaintiff's claim against Defendant in her individual capacity.

## CONCLUSION

The Complaint does not state a claim against Defendant in her official capacity. However, the Complaint adequately states a claim for relief against Defendant in her individual capacity.

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion to Dismiss for Failure to State a Claim (Docket Entry 9) be granted as to Plaintiff's official-capacity claim and denied as to Plaintiff's individual-capacity claim.

                                        /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                              **United States Magistrate Judge**

May 10, 2018